THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUSTIN A. YOUNG,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | CASE NO. C16-0780-JCC<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff Dustin A. Young's objections (Dkt. No. 15) in response to the Report and Recommendation filed by the Honorable James P. Donohue, United States Chief Magistrate Judge (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the Report and Recommendation for the reasons explained herein.

I.   **BACKGROUND**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in August 2013, citing injuries to his head, knee, and neck, edema in his right leg, depression, pain disorder without agoraphobia, and antisocial personality disorder. Administrative Record (AR) 203–14, 229. The Social Security Commissioner denied both Plaintiff's original application and his request for reconsideration. AR 1–6, 19–30.

1       On administrative appeal, the Administrative Law Judge (ALJ) found that Plaintiff was
2 not disabled after applying the Internal Revenue Service's (IRS) five-step sequential evaluation
3 method detailed by Judge Donohue in his Report and Recommendation. (Dkt. No. 14 at 3–4.)
4 The ALJ found that Plaintiff had other reasonable opportunities to earn income, despite his
5 several severe disabilities. AR 21–29. The ALJ also found that Plaintiff's knee pain, toe pain,
6 and edema did not qualify as severe injuries. *Id*. The ALJ further discounted part of Plaintiff's
7 witness Dr. Hopfenbek's medical evaluation after finding that Dr. Hopfenbek did not sufficiently
8 explain some of his conclusions. *Id*. at 21–29, 317–20.

9       Plaintiff appealed the administrative court's findings. (Dkt. No. 3.) Specifically, Plaintiff
10 claims the ALJ erred by: (1) finding that Plaintiff's knee and toe pain did not severely restrict his
11 ability to work, (2) discounting part of Dr. James Hopfenbek's report, and (3) using erroneous
12 reasoning between Steps Three and Five of the IRS's evaluation process. (Dkt. No. 11 at 1–2.)
13 Judge Donohue recommended that this Court affirm the ALJ's ruling and deny the appeal. (Dkt.
14 No. 14 at 1.) Plaintiff objected to Judge Donohue's recommendation. (Dkt. No. 15.)

15 **II.**     **DISCUSSION**

16     **A.**     **Standard of Review**

17       A district judge reviews objections to a magistrate judge's report and recommendation *de*
18 *novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended
19 disposition; receive further evidence; or return the matter to the magistrate judge with
20 instructions. *Id*.

21       A district court may disturb the Commissioner's decision only when the ALJ's findings
22 affirming that decision are not supported by substantial evidence or are based on legal error.
23 *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The Court evaluates (1) if there is
24 substantial evidence to support the Commissioner's findings and (2) if the ALJ applied the
25 correct legal standards. 42 U.S.C. § 405(g); *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030,
26 1035 (9th Cir. 2003). Substantial evidence is "relevant evidence that, considering the entire

record, a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). When the evidence before an ALJ is open to multiple rational interpretations, the Court must defer to the ALJ's decision. *Batson v. Comm'r of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004).

### B. Plaintiff's Impairments

Plaintiff objects to Judge Donohue's finding that the ALJ did not err by finding that Plaintiff's knee and toe pain were not severe impairments. (Dkt. No. 15 at 9.) To be severe, Plaintiff must make a threshold showing that his impairment significantly limited his ability to perform basic work activities for at least 12 months. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 42 U.S.C. § 423(d)(1)(A). Here, the ALJ found that Plaintiff's knee and toe pain did not qualify because he only proved that those conditions existed for 5 and 6 months, respectively. (*See* Dkt. No. 11 at 12.) Plaintiff's objection does not point to any additional facts showing that the pain lasted for at least 12 months. (*See* Dkt. No. 15 at 10–11.) Accordingly, this Court rejects Plaintiff's argument and finds that these determinations are supported by substantial evidence.

Plaintiff next objects to Judge Donohue's recommendation that the ALJ did not err by finding that Plaintiff's edema—swelling—was not a severe impairment. (Dkt. No. 15 at 9.) Specifically, the ALJ found that Plaintiff did not establish that his edema significantly limited his ability to work. (Dkt. No. 14 at 7.) In response, Plaintiff argues that (1) his doctor recommended he use the elevator more frequently, (2) the same doctor recommended he sleep lower to the ground, and (3) his mother testified that he was unable to work in part because of "swelling in his legs and ankles." (Dkt. No. 15 at 10.) These examples are not enough to make the ALJ's finding irrational or contrary to the substantial weight of evidence. *See Batson*, 359 F.3d at 1190; *Bayliss*, 427 F.3d at 1214. Accordingly, this Court rejects Plaintiff's argument and finds that the ALJ acted within his discretion.

### C. Plaintiff's Psychiatrist's Testimony

Plaintiff also challenges Judge Donohue's determination on the ALJ's decision to

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 3

discredit portions of Dr. Hopfenbek's psychological evaluation, which diagnosed Plaintiff's conditions and their relative severity. (Dkt. No. 11 at 8–10.) The report in question lists psychological symptoms, where each symptom is followed by five checkboxes which rank its severity from none or mild, to moderate, marked, severe, or indeterminable. *Id*. The form does not provide any additional room for explanation beyond these rankings. *Id*. The ALJ discredited four symptoms Dr. Hopfenbek diagnosed with "marked" severity because (1) neither the form nor Dr. Hopfenbek explained what the quantifiable difference was between each level of severity and (2) these findings were inconsistent with other evidence showing Plaintiff's ability to work. AR 27–28.

Plaintiff claims the ALJ did not give "specific and legitimate reasons" when he rejected the "marked" severity findings. (Dkt. No. 15 at 6.) This Court disagrees. The ALJ explicitly rejected parts of the report because the checkbox indications did not have accompanying explanations. AR 27–28. The Ninth Circuit has held that ALJs may discount opinions when experts provide conclusions without explanations. *See Crane v*. *Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (rejecting a psychological evaluation because it was in the form of a check-off report that lacked explanations for its conclusions). Accordingly, this Court rejects Plaintiff's argument and finds that the ALJ acted within his discretion.

Plaintiff next argues that the ALJ improperly discounted the conditions Dr. Hopfenbek diagnosed with "moderate" severity without providing specific and legitimate reasons. (Dkt. No. 15 at 7.) As an initial matter, the ALJ never explicitly discounted the moderately severe conditions. However, Plaintiff argues that the ALJ must have discounted them because the ALJ did not place "any significant limitation in performing activities within a schedule, maintaining attendance, being punctual, performing routine tasks or adapting to routine changes" in Plaintiff's residual functioning capacity (RFC) assessment. (*Id*.)

The record does not establish that the ALJ rejected Dr. Hopfenbek's diagnosis for conditions diagnosed with "moderate" severity. The ALJ specifically granted some weight to all

of Dr. Hopfenbek's opinion except for the portion where he identified markedly severe symptoms. AR 319. Therefore, the ALJ accepted the portions where Dr. Hopfenbek's report identified moderately severe symptoms. Furthermore, Plaintiff has not shown that the RFC's limitations are inconsistent with the accepted portion of Dr. Hopfenbek's opinion, and has not addressed Judge Donahue's finding that the RFC's terms are "not necessarily inconsistent" with Dr. Hopfenbek's accepted conclusions. (Dkt. No. 14 at 8.) Accordingly, this Court rejects Plaintiff's argument and finds that the ALJ acted within his discretion.

### D. ALJ's Reasoning Between Steps Three and Five

Plaintiff argues that the ALJ erred because his RFC did not adequately reflect the ALJ's Step Three finding that Plaintiff's disabilities made it difficult for him to interact with others. (Dkt. No. 11 at 4–5.) Judge Donohue found that Plaintiff improperly conflated the analysis used at Steps Two and Three with the analysis needed for a proper RFC at Step Four. (Dkt. No. 14 at 9.)

Plaintiff has the burden to establish that he had severe impairments at Step Two. (Dkt. No. 14 at 3–4.) If Plaintiff is severely impaired, then the ALJ moves to Step Three and evaluates whether the impairment meets or exceeds any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairments neither meet nor exceed the listed examples, then the Commissioner moves to Step Four and evaluates Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an assessment that evaluates, based on credited medical evidence, whether Plaintiff is physically and mentally able to perform his past relevant work in light of his current disabilities. (Dkt. No. 14 at 3–4); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

This Court agrees with Judge Donahue. ALJs can make findings at Step Three based on evidence that cannot be considered when creating the RFC because Step Three findings do not have to be based on credited medial opinion evidence. *Id*. For example, at Stages Two and Three, the ALJ could rely on facts showing Plaintiff was uncomfortable meeting new people. (*See* Dkt.

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 5

1  No. 15 at 5.) However, the ALJ could not use the same evidence when creating an RFC at Step
2  Four because these observations were not credited medical opinion evidence. Plaintiff has not
3  established error because Dr. Hopfenbek did not provide credited medical evidence supporting a
4  limitation on Plaintiff's ability to interact with the public. This Court accordingly rejects
5  Plaintiff's argument and finds that the ALJ acted within his discretion.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections, (Dkt. No. 15), and ADOPTS the Report and Recommendation, (Dkt. No. 14). The final decision of the Commissioner is AFFIRMED and this case is DISMISSED WITH PREJUDICE.

DATED this 13th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE